UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL DIXON | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 5578 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| COMISSIONER OF | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Darryl Dixon brought this suit against the Internal Revenue Service (IRS), alleging that the IRS neglected its duty to issue a notice of deficiency and respond to his good cause letter. R. 1, Compl.[1] Dixon seeks an injunction mandating a response to his request for a notice of deficiency and good cause letter, as well as enjoining the IRS from further tax-collection activities in this case for the duration of the litigation. *Id.* The United States, acting on behalf of the IRS,[2] now moves to dismiss this Complaint under for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6). R. 18, Mot. to Dismiss

---

[1]Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

[2]"The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (cleaned up); *see also Jacobson v. Comm'r of Internal Revenue*, 2005 WL 674917, at *4 (W.D. Wis. Mar. 16, 2005). This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

at 1-2.[3] The United States argues that sovereign immunity and the Anti-Injunction Act (AIA), 26 U.S.C. § 7421, *et seq.*, preclude the current suit. *Id.* For the reasons stated below, the United States' motion is granted and the case is dismissed.

**I. Background**

For the purposes of a motion to dismiss, the Court accepts as true the allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition to the allegations in the pleading, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). According to his Complaint, Dixon, a Georgia resident, was a victim of identity theft who had a 2013 tax return fraudulently filed in Nevada under his name. Compl. ¶ 5. Following this fraudulent filing, the IRS filed substitute returns for Dixon for tax years 2009, 2011, 2012, and 2014 because Dixon had not filed returns for those tax years. *Id.* Dixon then received a Form 3391 letter from the IRS, which stated that the IRS believed that Dixon was liable for filing tax returns for past tax years. *Id*; R. 22, Pl.'s Mem. ¶ 2. Upon receiving the letter, Dixon requested that the case be transferred from Nevada to Georgia. Compl. ¶ 5.

After the case was transferred to Georgia, Dixon filed returns for tax years 2009, 2011, 2012, 2013, and 2014, and disavowed the fraudulent 2013 return. Compl. ¶ 5; R. 18-1, Def.'s Mot. to Dismiss Br. at 1. Dixon alleges that he then received a tax bill for nearly $230,000 in taxes, interest, and penalties for tax years 2009 and 2011.

---

[3]The United States also moves for dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction but does not actually provide argument in support of it. Mot. to Dismiss at 1-2. The Court need not discuss this forfeited argument.

2

Compl. ¶ 5. The billed tax amount reflected the tax liabilities suggested by Dixon's filed returns, which the IRS did not dispute. *Id.* Next, Dixon filed a tax court petition in June 2016 but was unable to proceed in that forum because the IRS had not issued a notice of deficiency against him, so the tax court did not have jurisdiction over his petition. *Id.* Dixon then requested that the IRS issue a notice of deficiency so that the tax court could exercise jurisdiction over his case. *Id.* Dixon also submitted a good cause letter[4] to the IRS in June 2016, to which the IRS never responded. *Id.*

Dixon claims the IRS was negligent in ignoring both his request for a notice of deficiency and his good cause letter. Compl. ¶¶ 6-7, 9-10. Dixon asks the Court to issue an injunction ordering the IRS to address his requests and refrain from further collection activities during the litigation. Compl. ¶¶ 7(1-2), 10(1-2). The government responds by moving to dismiss the Complaint based on the AIA and sovereign immunity. Mot. to Dismiss at 1-2.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). If there are no factual disputes, then the Court accepts the allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

---

[4]The good cause letter, which explained the circumstances of Dixon's case, is also commonly referred to as a "reasonable cause" letter. *See Bale Chevrolet Co. v. United States*, 620 F.3d 868, 869 (8th Cir. 2010).

3

Having said that, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). "[A] factual challenge lies where the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction. … [W]hen considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (cleaned up) (emphasis in original).

Likewise, "[a] motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

4

### III. Analysis

### A. Anti-Injunction Act

The AIA generally prohibits a suit against the United States "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). "[A]dministration of the Tax Code includes four basic steps: information gathering, assessment, levy, and collection." *Marinello v. United States*, 138 S. Ct. 1101, 1113 (2018) (cleaned up). In the tax-law context, assessment "refers to the official recording of a taxpayer's liability, which occurs after information relevant to the calculation of that liability is reported to the taxing authority," *Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 1130 (2015) (citing 26 U.S.C. § 1530), while "'collection' is the act of obtaining payment of taxes due." *Id.* (citing Black's Law Dictionary 349 (defining "collect" as "to obtain payment or liquidation" of a debt or claim)). Thus, the AIA is generally understood to bar an action that prohibits the government from exercising its taxing authority beyond the information-gathering stage. *See id.* at 1129, 1132-33.

Dixon seeks to enjoin the IRS "from all collection activity during the pendency of this litigation." Compl. ¶ 7(2). On its face, the relief sought in the Complaint is barred by the AIA. Dixon argues that his suit should be permitted by analogizing his case to *Laing v. United States*, in which the Supreme Court held that the AIA did not bar a suit to restrain the IRS's collection activities pending the issuance of a notice of deficiency. 423 U.S. 161, 184-85 (1976). But this comparison is not persuasive. In *Laing*, the taxpayers were entitled to a notice of deficiency after immediate

termination of their tax year under 26 U.S.C. § 6851. *Id.* at 184. Whereas the termination of the tax year created a statutorily defined deficiency in *Laing*, *id.*, the Complaint does not allege that Dixon's tax year was terminated per 26 U.S.C. § 6851, Compl. ¶ 5. Rather, the Complaint states that the taxes in question were assessed based on returns filed for prior tax years, not because of an early termination. *Id.* Without a comparable set of facts requiring a notice of deficiency, Dixon's comparison to *Laing* is off-base and does not get around the AIA.

### B. 26 U.S.C. § 6213(a) Exception to the AIA

Moving on from *Laing*, the AIA provides for a number of exceptions, one of which is relevant here. 26 U.S.C. § 7421(a). "Section 6213 authorizes the extraordinary relief which plaintiff seeks when an assessment is made by defendant without first giving the taxpayer ninety (90) days' notice of the proposed deficiency as prescribed by § 6212." *Philadelphia & Reading Corp. v. Beck*, 1980 WL 1734, at *1 (N.D. Ill. Aug. 29, 1980). So "[i]f plaintiffs were entitled to a § 6212 notice of deficiency and did not get it, the [AIA] is no barrier to their suit." *Rodriguez v. United States*, 629 F. Supp. 333, 340 (N.D. Ill. 1986).

The applicability of the § 6213 exception turns on whether the IRS is required to issue a notice of deficiency. *See Cooper v. Starkey*, 585 F. Supp. 598, 598-99 (N.D. Ill. 1984). Generally, "the IRS is not required to send a notice of deficiency unless it is imposing a tax in excess of the amount shown on a taxpayer's return." *Israel v. Comm'r of Internal Revenue*, 88 Fed. Appx. 941, 942 (7th Cir. 2004) (citing 26 U.S.C. §§ 6211-12). And since a "deficiency is equal to the tax due under the [Internal

6

Revenue Code], minus the taxpayer's calculated amount of tax and prior deficiency assessments, plus prior rebates," the IRS need only send a notice of deficiency in the limited set of cases where the assessed tax amount exceeds the amount suggested by a taxpayer's filed returns. *Henderson v. United States*, 95 F. Supp. 2d 995, 1002 (E.D. Wis. 2000) (citations omitted). For instance, in *Israel*, "[b]ecause Israel ha[d] conceded that the IRS assessed his 1995 and 1996 taxes 'per return,' he was not entitled to a notice of deficiency for either year." 88 Fed. Appx. at 942.

Similarly, Dixon is not entitled to a notice of deficiency because the IRS did not assess taxes in *excess* of the amounts suggested by his returns. First, the Nevada IRS did not assess taxes at all. Compl. ¶ 5. After filing substitute returns for Dixon, the Nevada IRS office only issued a Form 3391, *id.*, and Form 4549, Pl.'s Mem. ¶ 2, neither of which constituted an assessment. *See* R. 22-1, Pl.'s Mem. Exh. A, Form 4549; *see also Direct Mktg. Ass'n*, 135 S. Ct. at 1130 (providing a narrow definition of assessment). Second, although the Georgia IRS office did assess taxes, it only assessed taxes based on Dixon's filed returns. Compl. ¶ 5. With an assessment that matched the returns, the Georgia assessment did not create a deficiency because there was no difference between the IRS's assessments and the tax liability per Dixon's filed returns. And Dixon's argument that a deficiency exists due to the difference between the Georgia IRS's assessment and the Nevada substitute returns' suggested liability is wrong: the IRS did not assess taxes based on the substitute returns filed in Nevada. *Id.* Neither do the penalties nor interest assessed by the Georgia IRS constitute a deficiency, because late-filing and late-payment penalties

7

are deemed delinquency *penalties*, not deficiencies. *See* 26 U.S.C. § 6651, *et seq.*; *Wilson v. Comm'r of Internal Revenue*, 118 T.C. 537, 541 (2002); *see also United States v. Gonzales for Estate of Gonzales*, 2018 WL 3054866, at *6 (N.D. Cal. June 20, 2018) (collecting cases and noting that 26 U.S.C. § 6601(e)(1) exempts interest from deficiency proceedings, so a notice of deficiency need not include interest). In short, because there is no deficiency assessment on the facts alleged in the Complaint, Dixon is not entitled to a notice of deficiency, and the § 6213 exception to the AIA does not apply in this case.

### C. General Exceptions to the AIA

In addition to the listed exceptions to the AIA, "there are two judicial exceptions to the AIA." *Scheuneman v. United States*, 100 A.F.T.R. 2d 2007-6295 (C.D. Ill. Aug. 28, 2007). First, a "taxpayer may succeed in enjoining collection of a tax if he can show that 1) under the most liberal view of the facts and the law, the United States could not establish its claim, and 2) the taxpayer has no adequate remedy at law." *Barr v. United States*, 736 F.2d 1134, 1135 (7th Cir. 1984) (citing *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1 (1962)). "Second, the AIA bar to suit does not apply where Congress has not provided the plaintiff an alternative legal method of challenging the validity of the tax." *Scheuneman*, 100 A.F.T.R. 2d 2007-6295 (citing *South Carolina v. Regan*, 465 U.S. 367, 378 (1984)) (cleaned up).

Dixon has not pled enough facts to trigger these narrow exceptions to the AIA. "[T]he question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit."

8

*United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 13-14 (2008) (cleaned up). Given the definition of deficiency and the facts as stated in the Complaint, Dixon has not made it "apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim." *Id.* (cleaned up). Nor does he claim that he would suffer irreparable harm should his request for an injunction be denied. So that exception does not apply to this case.

Dixon also has failed to establish that no alternative legal remedy exists. As the government notes, Dixon may pay the tax and file for a refund. Mot. to Dismiss Br. at 6 (citing 26 U.S.C. § 7422). Among other remedies, Dixon may also appeal through the Appeals Office of the IRS. IRS Publication 5 (Rev. 01-1999). Consequently, Dixon cannot avail himself of either of the two judicial exceptions to the AIA, and his suit for an injunction cannot be maintained in this Court.

### D. Sovereign Immunity

Even without the express prohibition in the AIA, "[u]nder settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (cleaned up). Without an "unequivocally expressed" waiver, *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) (cleaned up), "strictly construed in favor of the United States," a plaintiff may not sustain an action against the sovereign, *United States v. Idaho*, 508 U.S. 1, 7 (1993) (cleaned up). "To maintain an action against the United States in federal court, [then,] a plaintiff must identify … a federal law that waives the

sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003).

Dixon has not identified an applicable statute that waives the United States' sovereign immunity for his claim. As noted above, Dixon relies on the distinguishable precedent of *Laing* and an erroneous understanding of 26 U.S.C. § 6213 to establish subject matter jurisdiction. Absent an affirmative statute signaling the United States' consent to be sued for that type of claim, the Complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Also, because both the AIA and sovereign immunity bar this Court from enjoining the IRS's collection activities or requiring the other relief Dixon seeks, the Complaint necessarily fails to state a claim under Rule 12(b)(6). *See Wells v. United States*, 98 B.R. 806, 807 (N.D. Ill. 1989) (granting the government's Rule 12(b)(6) motion to dismiss on the grounds that the AIA prevented the plaintiff from stating a claim).

## IV. Conclusion

For the foregoing reasons, the United States' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim is granted, and the case is dismissed. Dixon has not sufficiently pled any applicable exception to the AIA or waiver of the government's sovereign immunity.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 7, 2018